IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TERRANCE REASER,                          :

        Plaintiff,                  :

vs.                                       :     CIVIL ACTION  14-0117-CB-C

MOBILE COUNTY JAIL, et al.,               :

        Defendant(s).               :


REPORT AND RECOMMENDATION

This action was filed by an Alabama state inmate and has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate action.  It is recommended that this action be dismissed without prejudice for Plaintiff's failure to prosecute and to comply with the Court's order.

On March 13, 2014, Plaintiff filed a Motion to Proceed In Forma Pauperis (Doc. 2) on this Court's form (albeit an outdated form).  After a review of the motion, the Court noticed that the Financial Certificate was not completed by an authorized officer of the institution where Plaintiff is incarcerated, nor was there attached a copy of the institutional record of his inmate account reflecting transactions in his account for the six-month period immediately preceding the filing of his complaint on March 13, 2014.  Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) was, therefore, denied without prejudice.

In an Order dated March 20, 2014 (Doc. 3), Plaintiff was granted leave to re-file his Motion to Proceed Without Prepayment of Fees by April 17, 2014, with the Financial Certificate completed and the statutorily required copy of the institutional record attached or to pay the $350.00 filing fee by April 17, 2014.  Plaintiff was warned that the failure to comply

with this order within the prescribed time would result in the dismissal of this action for failure to prosecute and to comply with the Court's order.

Further, the Court also noticed that Plaintiff in his complaint (Doc. 1) stated Holman Correctional Facility as his address. However, in his Motion to Proceed Without Prepayment of Fees (Doc. 2), Plaintiff stated as his address 709 South Bayou Street, Mobile, Alabama 36601, which appeared to be a free-world address. Plaintiff was ordered to advise the Court no later than April 17, 2014, which address is Plaintiff's correct address. On April 10, 2014 (Doc. 4), Plaintiff filed a response, which did indicate that he is incarcerated at Holman Prison and further, that he did not have a prison account. He did not comply with the Court's order dated March 20, 2014 (Doc. 3), however. As of this date, Plaintiff has not filed a completed IFP form along with certification from prison authorities that he does not have a prison account and has not paid the required filing fee.

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that his incomplete motion to proceed *in forma pauperis* be denied and that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. See *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied, Ballard v. Volunteers of America*, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457,

1458 (11th Cir. 1983). *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that the federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993); *Blunt v. U. S. Tobacco Co.*, 856 F.2d 192 (6th Cir. 1988)(unpublished) (affirming district court's dismissal of *pro se* plaintiff's action for failure to prosecute when plaintiff failed to respond to the summary judgment notice or to show cause why the action should not be dismissed).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 6th day of May, 2014.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE